## EDWARD CAHILL *et al.*, RESPONDENTS, *v.* A. HIRSCH-MAN, APPELLANT.

PLEADING—AFFIRMATIVE MATTER IN ANSWER CONSIDERED DENIED. Under the practice in this State, all affirmative matter in an answer is taken as denied.

STOCK-BROKERAGE—WAIVER OF DELIVERY OR TENDER. Where a broker buys stock for his principal, and the principal before receiving it orders the broker to sell it again on the principal's account, this amounts to a waiver of any delivery or tender of the stock by the broker to the principal.

BOOKS OF ACCOUNT—LEDGER AS EVIDENCE. A stock-broker's ledger is not a book of original entry, and is not competent to prove an original purchase or trans- action ; but it is competent testimony in rebuttal in explanation of a bill sent by the broker to the principal, and to supplement the broker's own testimony that such bill was not general, as claimed, but only a partial bill.

EVIDENCE OF SALES OF STOCK FOR ASSESSMENTS. An indorsement by the secretary of a company on a certificate of stock, to the effect that the same had been sold for assessments, as well as evidence that the secretary had made statements to the same effect, is mere hearsay, and not competent to prove the fact of any sale for assessments.

NO REVERSAL FOR ERROR WHICH DOES NOT PREJUDICE. A judgment will not be re- versed on account of error in admitting immaterial or incompetent testimony, when it appears that the appellant could not have been prejudiced thereby.

APPEAL from the District Court of the First Judicial District, Storey County.

Edward Cahill and Dennis Driscoll, the plaintiffs, were stock brokers in San Francisco, California, where most of the business referred to in the opinion was transacted in the year 1868.

*Williams & Bixler,* for Appellant.

I.   Plaintiffs claim that the fact that defendant, before the commencement of the action, ordered or directed them to sell the stock changed the status of the parties, and constituted plaintiffs from that time the mere agents of defendant, to hold the stock subject to his orders.

In what respect did such change occur? Certainly the title to the property still rested in plaintiffs, and defendant had no more right to its custody than previous to that time. They still had the right to hold it, or to foreclose as against it by sale or process of law, while his only right was to have it when he paid for it. In the first instance the legal title to the stock was in plaintiff, while defendant merely had an equitable interest in it. If their relations changed, then the legal title passed to him while they merely held an equitable lien on the property. But no such change could have been effected, because plaintiff could have as effectually passed the legal title to a third party after the order to sell as before.

II.   Tender was necessary before suit. ( *Merwin* v. *Hamilton,* 6 Duer, 244, and cases cited on page 250 ; *Dunham* v. *Mann,* 4 Seld. 512 ; *Lester* v. *Jewett,* 1 Kern. 456 ; *Callowell* v. *Briggs,* 1 Salk. * 113 ; *Thorpe* v. *Thorpe,* 1 Salk. * 172 ; *Bank of Columbia* v. *Hagner,* 1 Peters, 464 ; *Danar* v. *King,* 2 Pick. 157 ; *Kane* v. *Hood,* 13 Pick. 282 ; *Currie* v. *White,* 37 How. P. R. 350 ; *Suffolk Bank* v. *Worcester Bank,* 5 Pick. 105 ; *Sherwood* v. *Sissa,* 5 Nev. 349.)

III.   The Court erred in admitting proof of contents of plaintiffs' ledger ; because the same was not a book of original entries. (4 Strob. 193 ; 1 Phil. on Ev., Cowen & Hill's Notes, 4th Am. Ed. 385 ; *Landers* v. *Turner,* 14 Cal. 573.)

IV.   The Court erred in admitting hearsay testimony concerning the American stock. There being no proof of any sale of that stock for assessments, defendant was not responsible for the

voluntary payments made by plaintiffs. (Dunlap's Paley's Agency, 109.)

*R. S. Mesick* and *Hillyer, Wood & Deal*, for Respondents.

I. A tender of the stock before suit was not necessary ; because, on being informed of the purchase and payment of the money for him, defendant agreed to reimburse plaintiff for that sum without any condition of a delivery to him of the stock, but with the strongest possible grounds indicating an understanding that no such delivery was to be made ; because the course of dealing between the parties showed that it was their mutual understanding that an actual delivery of the stock was waived as a condition of the repayment of the purchase money ; and because there was a positive agreement between the parties that the stock should not be actually delivered to the defendant, but should be held by plaintiffs as stock delivered to them by defendant, for sale at a minimum limit. This amounted to a delivery.

We do not, however, admit that but for the direction of the defendant to hold and sell the stock it must have been tendered to defendant as a condition to plaintiffs' right of action. The case is not one of sale of property by plaintiffs to defendant, where to pay and to deliver are cotemporaneous obligations ; but it is an action for money paid out and expended by agents for their principal at his request.

II. The page of the ledger admitted in evidence was not admitted either to prove the purchase of the stock or the payment of the money by the plaintiffs. It was offered and admitted to show that defendant's pretense of the money not having been charged to him was unfounded. There was a conflict between Hirschman and Cahill as to whether the accounts kept by plaintiffs contained any charge of this item against defendant, and the only positive proof which could be introduced was the ledger. It could not have injured the appellant in any way.

By the Court, WHITMAN, J. :

This action was brought by respondents, stock brokers, to recover from appellant the several sums of $2,474.50 and $1,151.02

—the first for money paid for ten shares of the stock of the Imperial Gold and Silver Mining Company, alleged to have been purchased for appellant by respondents on his express order; the second for balance due on general account, involving various stock transactions, among others, one touching stock of the American Mining Company. Appellant answered, admitting the purchase of the Imperial stock; denying that it had ever been tendered to him; averring that he had, shortly after its purchase, directed Cahill (respondent) to sell the same; that Cahill had neglected to do so, and had agreed to take it on his own account and relieve appellant therefrom. With regard to the second amount claimed, appellant admitted the correctness of the account, with the exception of certain items specified, and offered to allow judgment for the sum of four hundred and fifty dollars. Respondents had verdict and judgment for three thousand one hundred and eighty-one dollars and fifty cents, and from that and the order of the District Court refusing a new trial this appeal is taken.

Under the practice in this State, all affirmative matter in the answer is taken as denied, so it became a question before the jury as to the status of the Imperial stock upon the averments of appellant, the original purchase being admitted. There was a conflict of proof—appellant testifying in support of the averments of his answer—and respondent Cahill giving evidence that after the original purchase he had been directed by appellant to sell the Imperial stock at a certain limit, which had not, up the present time, been reached. That the jury accepted this version is evident from the verdict; and as a decision of this question was entirely within their province as the evidence stood, this Court will not interfere with such action.

This view disposes of the objection that without tender the respondents should not recover, for if both parties were agreed to treat the stock as that of appellant, as is evident from his order to sell, and the acceptance of the agency so to do by respondent Cahill, any tender or offer of the stock before bringing the present suit was unnecessary. As the case stands upon the facts found by the jury, respondents are entitled to their money advanced for appellant for the original purchase of the stock, which

they hold as his agents to sell, when the price fixed is reached. The two agencies are distinct, and that of buying was accomplished upon the purchase, nothing then remaining to terminate the relations of the parties but the delivery of the stock and receipt of the money paid therefor. Before this was done, however, appellant ordered respondent Cahill to sell the stock on his account, thereby expressly directing him to retain the same, which was a complete waiver of any delivery or tender.

The testimony does not seem to have been strictly confined to the issues made, and that fact has probably led to the introduction of many questions into the case not legitimately there, which it would be not only unnecessary, but improper to discuss. The only question as to the Imperial stock tendered by the pleadings was as to the ownership, whether it belonged to appellant or respondents. The jury by verdict found it to be that of appellant, as upon that premise alone could be founded a recovery for its purchase price. .

In support of his testimony, appellant introduced a bill to him from respondents, made by their clerk from their ledger, which did not include any charge of the Imperial stock, though made after its purchase. Respondent Cahill, called in rebuttal, swore that the bill was intended only as a partial bill, and was so made out at the request of appellant; and to sustain this position offered a page of his ledger which contained the charge for Imperial stock, and one other item in addition to those of the bill referred to. To this appellant objected : " 1. That the book in which the same was contained, namely, the said ledger, was not a book of original entry, and that the book of original entry should be produced. 2. That the book itself and the page offered in evidence was not in rebuttal of the defendant's case. 3. That the same did not contradict the account which defendant testified had been delivered to him by Cahill, and only introduces items preceding and subsequent to the period embraced by that account." These objections were overruled and the page admitted, which is assigned as error. The ledger was not a book of original entry, and the page would have been inadmissible had the object been to prove the original purchase or transaction ; but it must be remembered that this was admitted,

so it was unnecessary to limit the effect of the testimony in its offer, or to specifically define its purpose, as the only fact other than for which it was offered which it could' have tended to have proved was not in issue as the case stood. ˙ It was certainly in rebuttal of appellant's testimony, or of the inference therefrom and effect thereof, as it tended to support the evidence of respondents that the account claimed by appellant to be general was only partial; and while it did not contradict that account, it tended to explain and avoid the inference sought to ˙ be deduced therefrom. For such purposes it was competent testimony, and was properly admitted.

The transaction in American stock was this : Appellant gave respondent Cahill twenty-five shares to sell, which he did at fifteen dollars per share, and paid the proceeds to appellant, less commissions. Subsequently, reclamation was made from Cahill by the purchaser upon the ground that the stock was worthless, having been previouly sold for assessments. Cahill satisfied himself that such was the fact, and refunded the money, charging appellant with the stock as repurchased ; and the issue made by the pleadings was, that he never bought any such stock for appellant. Upon the trial, the certificate of American stock sold by Cahill was offered with the endorsement thereon of the secretary of the company that the same had been sold for assessments. Cahill also testified that all he knew about the sale was what Bagley, the secretary, had told him.

The certificate with its endorsement and Bagley's statement were both objected to the ground of hearsay, and that neither tended to prove the fact of sale for assessments. The objection was overruled in each instance, and the paper and statement admitted. This is assigned as error. It would have been, had the object been to prove the fact of sale of the stock for assessments ; but such could not have been the object, as there was no such issue. This appears from the pleadings and evidence. Cahill did not swear as matter of fact that the stock was sold, but that such was the claim made by its purchasers, and that he took steps to assure himself of the truth of the statement, before he returned their money. His theory seems to have been that he could not recover from Hirschman unless he acted in good faith in this regard, and that conse-

quently it devolved on him to show the nature and kind of inquiry made and the sort of testimony upon which he acted ; but as Hirschman makes no issue as to the sale of the stock, the testimony was immaterial and any error in admitting it was equally immaterial, as the appellant could not thereby be prejudiced.

The only instructions complained of are touching the question of tender, which was not involved in the case, if the view of the relative positions of the parties heretofore stated be correct.

There was then no error in the judgment or order of the District Court, and the same are affirmed.